**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000329**
**25-MAY-2023**
**08:13 AM**
**Dkt. 61 SO**

NOS. CAAP-21-0000329 and CAAP-21-0000330

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-21-0000329**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DAVID M. MAILE, Defendant-Appellant
(CASE NO. 2DCW-21-0000592)

AND

**CAAP-21-0000330**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DAVID M. MAILE, Defendant-Appellant
(CASE NO. 2DCW-21-0000593)

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

In this consolidated appeal,[1] Defendant-Appellant David

M. Maile (**Maile**) appeals from two separate Judgments and Notices

---

[1] Maile filed Notices of Appeal on May 17, 2021 in CAAP-21-0000329 and CAAP-21-0000330. This court consolidated the appeals under CAAP-21-0000329 on June 29, 2021.

of Entry of Judgment in underlying Case No. 2DCW-21-0000592 and Case No. 2DCW-21-0000593, both filed and entered on May 14, 2021 by the District Court of the Second Circuit (**District Court**).[2] After separate bench trials in each case, Maile was convicted of Criminal Contempt of Court (**Contempt of Court**) in violation of Hawaii Revised Statutes (**HRS**) § 710-1077(1)(g).[3]

Maile raises three points of error on appeal as to each underlying conviction, contending that the District Court erred by: (1) convicting Maile of Contempt of Court due to insufficient evidence; (2) denying Maile's Motions to Dismiss because his conviction for a separate Contempt of Court charge required joinder of his Contempt of Court charges in the underlying cases and constituted double jeopardy; and (3) denying Maile's Motions to Dismiss because the complaints failed to state an offense as to the community service work (**CSW**) he was required to do or the deadline to do the CSW and to pay fines/fees.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Maile's points of error as follows, and reverse.

On March 29, 2021, the Plaintiff-Appellee State of Hawaiʻi (**State**) filed three criminal complaints against Maile, charging him with Contempt of Court arising from failing to appear at a compliance hearing before the District Court. Maile

---

[2]     The Honorable Christopher M. Dunn presided over the trial and signed the May 14, 2021 Judgment and Notice of Entry of Judgment.

[3]     HRS § 710-1077(1)(g) (2014) states in pertinent part, "(1) A person commits the offense of criminal contempt of court if: . . . (g) The person knowingly disobeys or resists the process, injunction, or other mandate of a court[.]"

pled no contest to the first complaint. The second complaint, filed in Case No. 2DCW-21-0000592, alleged that, on March 16, 2021, Maile failed to appear in the District Court for proof of compliance of CSW and "fail[ed] to complete twenty (20) hours of [CSW] arising from his conviction for Theft in the Fourth Degree in case number 2DCW-19-0001396 . . . ." The third complaint, filed in Case No. 2DCW-21-0000593, alleged that, on March 16, 2021, Maile failed to appear in the District Court for proof of compliance of fines and "fail[ed] to complete payment of $220.00 in fines and fees arising from his conviction for Theft in the Fourth Degree in case number 2DCW-19-0001531 . . . . "

On April 1, 2021, Maile filed his Motions to Dismiss the second and third complaints. Following a hearing on April 16, 2021, the District Court denied the Motions to Dismiss and ordered Maile to appear for a jury-waived trial in both cases.[4]

Trial commenced on May 14, 2021. In Case No. 2DCW-21-0000592, the parties stipulated to identification and notice of Maile's March 16, 2021 court date. The State admitted into evidence, with no objection from Maile, the following exhibits: (1) Return of Service on Bench Warrant in Maile's theft case; (2) Order and Notice of Entry of Order in Maile's theft case; (3) Bench Warrant ordered on March 16, 2021 in Maile's theft case; (4) Minutes for Maile's theft case. Through these exhibits, the State sought to demonstrate that "on March 16th, 2021 [Maile] failed to appear before this court as ordered by the bench warrant served on [Maile] [sic] February 11th, 2021." Maile testified in his defense.

---

[4] The Honorable Blaine J. Kobayashi presided over the April 16, 2021 hearing.

The District Court found Maile guilty of Contempt of Court in Case No. 2DCW-21-0000592.  The District Court then conducted the trial for Case No. 2DCW-21-0000593, with the parties stipulating to the same type of evidence that was admitted in Case No. 2DCW-21-0000592.  The District Court found Maile guilty of Contempt of Court in Case No. 2DCW-21-0000593.[5] This timely appeal followed.

**(1)** Maile contends that the District Court erred in convicting Maile of Contempt of Court in both Case Nos. 2DCW-21-0000592 and 2DCW-21-0000593 because there was insufficient evidence to support the convictions.  The State concedes that there was insufficient evidence to support Maile's convictions and recommends reversal of Maile's convictions.

We have considered the State's concession of error, and upon our review of the record, determine that the concession is supported by the record and the law.  See State v. Eduwensuyi, 141 Hawaiʻi 328, 337, 409 P.3d 732, 741 (2018) ("A prosecutor's confession, although not binding on an appellate court, is 'entitled to great weight.'") (internal citation omitted)).  We hold that there was insufficient evidence to support Maile's convictions.  Here, the complaints in both cases charged Maile with failing to comply with court orders in the underlying judgments for the theft convictions, but as the State notes, those judgments were not introduced into evidence.

In reviewing a challenge to the sufficiency of evidence, "evidence adduced in the trial court must be considered in the strongest light for the prosecution."  State v. Williams, 149 Hawaiʻi 381, 392, 491 P.3d 592, 603 (2021)

---

[5]      In its Answering Brief, the State notes that: "[a] review of the trial transcript and the State's Exhibits shows that the Judgment of Conviction and Sentence" for the underlying theft cases in Case Nos. 2DCW-19-0001531 and 2DCW-19-0001396 "were not introduced into evidence."

(internal brackets omitted) (quoting <u>State v. Kalaola</u>, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010)).  On appeal, the test is "whether there was substantial evidence to support the conclusion of the trier of fact." <u>Id.</u> (internal quotation marks omitted) (quoting <u>Kalaola</u>, 124 Hawaiʻi at 49, 237 P.3d at 1115).

Pursuant to HRS § 710-1077(1)(g), "(1) A person commits the offense of criminal contempt of court if: . . . (g) The person knowingly disobeys or resists the process, injunction, or other <u>mandate of a court</u>[.]" (emphasis added). Under the statute, the State had to prove that (1) Maile failed to appear in court, and (2) knowingly disobeyed or resisted completing his sentence.  As to "knowingly disobeying or resisting" his sentence, the record reflects that in Case No. 2DCW-21-0000592, Maile was charged with failure to complete twenty hours of CSW, and in Case No. 2DCW-21-0000593, failure to pay the $220 fine in his theft cases.  <u>See</u> <u>id.</u>  However, the trial transcript and the State's exhibits reflect that, while the defense's stipulation and the State's exhibits admitted at trial established identity and notice of the March 16, 2021 hearing, the admitted evidence did not establish that Maile was informed of his sentence by the court to perform CSW and to pay a fine and fees from his sentence for his theft convictions. Thus, there was insufficient evidence to support the element that Maile "knowingly disobeyed or resisted . . . a mandate by the court" under HRS § 710-1077(1)(g).  <u>See</u> HRS § 710-1077(1)(g); <u>Williams</u>, 124 Hawaiʻi at 392, 237 P.3d at 603.  Thus, we conclude that the District Court erred, as there was a lack of substantial evidence to support Maile's convictions, and that his convictions must be reversed.  <u>See</u> <u>id.</u>

**(2)** Based on the above, it is not necessary to address Maile's remaining points of error.

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

For the foregoing reasons, we reverse both of the Judgments and Notices of Entry of Judgment filed and entered on May 14, 2021, by the District Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, May 25, 2023.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Attorney General,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge